IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA LEE, | § |
| Plaintiff, | § |
| VS. | § CASE NO.: 1:06cv521-VPM |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | § |
| Defendant. | § |

## **MOTION TO DISMISS**

Comes now the Defendant, United Services Automobile Association ("USAA"), pursuant to Federal Rule of Civil Procedure 12(b)(1), and 12(h)(3) and respectfully moves this Honorable Court for an Order dismissing Plaintiff's *Complaint* for lack of subject matter jurisdiction. In support of this motion, USAA would show unto the Court as follows:

1. Plaintiff filed suit against USAA in this Court on June 12, 2006 seeking underinsured motorist benefits.

2. Plaintiff attempts to establish subject matter jurisdiction pursuant to the diversity of citizenship provisions of 28 U.S.C. § 1332(a). To that end, Plaintiff alleges she is a resident citizen of Geneva County, Alabama, while USAA is a "foreign corporation doing business in the State of Alabama." (Complaint of Plaintiff).

3. 28 U.S.C. § 1332(a) provides that the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000.00 and is between citizens of different states. 28 U.S.C. § 1332(c) makes clear that a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.

4. As the affidavit of Ron Vestal establishes, USAA is not a foreign corporation as Plaintiff alleges. Rather, it is an reciprocal insurance exchange organized under the insurance laws of the State of Texas. (Affidavit of Ron Vestal). As a reciprocal exchange, USAA conducts business on behalf of its members as an unincorporated association. USAA insures only servicemen, ex-servicemen and their families who reside in all 50 States. A substantial number of USAA's members are citizens of the State of Alabama. (Affidavit of Ron Vestal).

5. It is by now well-settled that for purposes of diversity of citizenship, the citizenship of an unincorporated association is the citizenship of the individual members of the association. *See Tuck v. United Services Automobile Association,* 859 F.2d 842, 844 (10th Cir. 1988); *Baer v. United Services Automobile Association*, 503 F.2d 393, 395 (2d Cir. 1974). "Thus, if the unincorporated association party to a lawsuit has any member whose state citizenship coincides with the state citizenship of any of the opposing parties in the lawsuit, a federal district court has no diversity jurisdiction." *Baer*, 503 F.2d at 395.

6. Because USAA has a substantial number of insured members who are resident citizens of Alabama, like the Plaintiff, there can be no diversity of citizenship between the parties upon which this Court can base subject matter jurisdiction. (Affidavit of Ron Vestal).

Wherefore, pursuant to Fed.R.Civ.P. 12(b)(1), and 12(h)(3) USAA respectfully requests that this Court dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction.

Respectfully submitted this 6th day of July, 2006.

| | |
|---|---|
| s/ *William L. Lee, III* | s/ *William W. Nichols* |
| WILLIAM L. LEE, III, (LEE007) | WILLIAM W. NICHOLS, (NIC027) |
| *Attorney for Defendant USAA* | *Attorney for Defendant USAA* |
| LEE & McINISH, ATTORNEYS | LEE & McINISH, ATTORNEYS |
| Post Office Box 1665 | Post Office Box 1665 |
| Dothan, Alabama 36302 | Dothan, Alabama 36302 |
| Telephone (334) 792-4156 | Telephone (334) 792-4156 |
| Facsimile (334) 794-8342 | Facsimile (334) 794-8342 |
| wlee3@leeandmcinish.com | wnichols@leeandmcinish.com |

## CERTIFICATE OF SERVICE

I hereby certify that on JULY 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: M. Adams Jones, Esq.

Dated this the 6th day of July, 2006.

s/ *William W. Nichols*_____