IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO.: 1:06cv521-VPM |
| | § | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS**

Comes now the Defendant, United Services Automobile Association ("USAA") and respectfully submits the following brief in support of its Motion to Dismiss.

**I.    FACTS AND PROCEDURAL HISTORY.**

On or about August 30, 2004, Plaintiff Angela Lee was involved in an automobile accident while driving a vehicle owned by Dennis A. Rowe, a USAA insured. (Complaint of Plaintiff). Although Plaintiff Lee settled with the at-fault party for his liability insurance limits, Plaintiff Lee contends that those limits were "wholly insufficient" to compensate her for her injuries and damages, rendering the at-fault party underinsured. (Complaint of Plaintiff).

On June 12, 2006, Plaintiff Lee filed suit in the United States District Court for the Middle District of Alabama, Southern Division against USAA seeking underinsured motorist benefits. (Complaint of Plaintiff). In an effort to establish complete diversity of

citizenship of the Parties, Plaintiff Lee's Complaint contains the following relevant "jurisdictional allegations":

> 1. Plaintiff Angela Lee is, and was at times material hereto, a resident citizen of Geneva County, Alabama.
>
> 2. Defendant, United Services Automobile Association (hereinafter "USAA") is a foreign corporation doing business in the State of Alabama and subject to the jurisdiction of this Court.
>
> . . . .
>
> 4. The amount in controversy, exclusive of attorney's fees and costs, exceeds the minimum jurisdictional requirements of this Court.

(Complaint of Plaintiff).

USAA is not a foreign corporation as Plaintiff Lee alleges. (Affidavit of Ron Vestal). Rather, USAA is a reciprocal insurance exchange organized under the insurance laws of the State of Texas. (Affidavit of Ron Vestal). As a reciprocal exchange, USAA conducts business on behalf of its members as an unincorporated association. (Affidavit of Ron Vestal). USAA insures only servicemen, ex-servicemen and their families who reside in all 50 states. A substantial number of USAA's members are citizens of the State of Alabama. (Affidavit of Ron Vestal).

USAA filed a Motion to Dismiss Plaintiff's Complaint on the grounds that diversity of citizenship does not exist and that the Court, therefore, lacks subject matter jurisdiction to hear this case.

**II.   ARGUMENT.**

**A.   The requirement of subject matter jurisdiction.**

Federal Courts are courts of limited jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 2104 (1982); *Fed. Mut. Ins. Co. v. McKinnon Motors, L.L.C.,* 329 F.3d 805, 807 (11th Cir. 2003). The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl.1. Jurisdiction of the federal district court is further limited to those subjects encompassed within a statutory grant of jurisdiction, *Insurance Corp. of Ireland*, 456 U.S. at 701-702. "Subject-matter jurisdiction, then, is an Art. III as well as statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign." *Id.* at 702.

Federal Rule of Civil Procedure 12(h)(3) reflects this well-settled restriction on federal powers and directs that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Indeed a court lacking in jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. *Tuck v. United States Automobile Association*, 859 F.2d 842, 844 (10th Cir. 1988). For the following reasons, jurisdiction is lacking and this Court must dismiss Plaintiff Lee's Complaint.

**B.     There is no diversity of citizenship of the parties.**

Plaintiff attempts to establish subject matter jurisdiction pursuant to the diversity of citizenship provisions of 28 U.S.C. § 1332(a) by alleging USAA is a "foreign corporation." (Complaint of Plaintiff). 28 U.S.C. § 1332 provides that the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000.00 and is between citizens of different states. A corporation is deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). Therefore, if USAA was a foreign corporation, the parties to this action would be diverse.

However, USAA is not a foreign corporation, but rather an unincorporated association of member insureds who reside in all 50 states, including Alabama. (Affidavit of Ron Vestal). "For purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of the individual members of the association. *See Tuck v. United States Automobile Association*, 859 F.2d 842, 844 (10th Cir. 1988); *Baer v. United States Automobile Association*, 503 F.2d 393, 395 (2d Cir. 1974). "Thus, if the unincorporated association party to a lawsuit has any member whose state citizenship coincides with the state citizenship of any of the opposing parties in the lawsuit, a federal district court has no diversity jurisdiction." *Baer*, 503 F.2d at 395.

Because USAA has a substantial number of insured members who are resident citizens of Alabama, like the Plaintiff Lee, there can be no diversity of citizenship between the parties upon which this Court can base its subject matter jurisdiction. There being no other basis for federal jurisdiction, this action is due to be dismissed. Fed.R.Civ.P. 12(b)(1) and 12(h)(3).

### III.   CONCLUSIONS.

Based upon the foregoing, Defendant USAA respectfully requests an Order from the Court dismissing Plaintiff's Complaint for lack of subject matter jurisdiction.

Respectfully submitted this 6th day of July, 2006.

| | |
|---|---|
| s/ *William L. Lee, III* | s/ *William W. Nichols* |
| WILLIAM L. LEE, III, (LEE007) | WILLIAM W. NICHOLS, (NIC027) |
| *Attorney for Defendant USAA* | *Attorney for Defendant USAA* |
| LEE & McINISH, ATTORNEYS | LEE & McINISH, ATTORNEYS |
| Post Office Box 1665 | Post Office Box 1665 |
| Dothan, Alabama 36302 | Dothan, Alabama 36302 |
| Telephone (334) 792-4156 | Telephone (334) 792-4156 |
| Facsimile (334) 794-8342 | Facsimile (334) 794-8342 |
| wlee3@leeandmcinish.com | wnichols@leeandmcinish.com |

### CERTIFICATE OF SERVICE

I hereby certify that on JULY 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: M. Adams Jones, Esq.

Dated this the 6th day of July, 2006.

s/ *William W. Nichols*